J-S09006-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| VERNA MOLEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK MOLEK | : | No. 89 WDA 2018 |

Appeal from the Order December 11, 2017
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-3032

BEFORE: PANELLA, P.J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, P.J.: FILED OCTOBER 15, 2019

Verna Molek ("Verna") appeals from the December 11, 2017 order entered in the Washington County Court of Common Pleas.[1] After careful consideration, we affirm.

This appeal involves a longstanding property dispute between two siblings who are the owners of a tract of land in Washington County, Pennsylvania. Verna and her brother, Frank Molek ("Frank"), own 10.515 acres of land as joint tenants with rights of survivorship. The land, which belonged to their father, consists of two homes where Verna and Frank reside and outbuildings such as a garage and a barn. Due to the acrimonious

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This appeal is an interlocutory appeal as of right. See Pa.R.A.P. 311(a)(7).

relationship between the siblings, Verna requested that Frank remove his name from the deed. However, he declined to do so on numerous occasions.

Consequently, Verna filed an action to partition the parcel of property. In her complaint, she alleged that she relied on an agreement with Frank for partition of the property to her detriment. A hearing was held before court appointed Master William H. Knestick, Esquire ("Master"). After the hearing, the Master issued a report in which he denied Verna's partition and detrimental reliance-based actions. In addition, the Master recommended that Verna receive the family home and approximately 1.4 acres of land and Frank receive the remaining 9.115 acres and certain outbuildings. Verna filed exceptions to the Master's report, and the trial court entered an order denying the exceptions and approving the Master's recommended order.

Thereafter, Verna appealed the trial court's order to the Superior Court. The panel, however, reversed the trial court's denial of Verna's exceptions to the Master's recommended partition and remanded for further proceedings.

On remand, the trial court ordered partition of the property and awarded Verna 2.0 acres, including the frame house and her residence, the detached garage, the storage building, and the barn. The remaining 8.5 acres of land were awarded to Frank. The trial court also ordered Verna to pay $36,685.68 to Frank and for each party to retain the oil and gas rights in accordance with the partition order. This timely appeal followed.

In her first issue, Verna asserts the trial court erred in concluding the oil and gas rights associated with the property had no value. She argues that,

because the trial court failed to assign a value to these rights, the sum awarded for owelty was inaccurate.[2] We disagree.

When acting as the factfinder, the trial court must resolve assessments of credibility and conflicts in the evidence. See Haan v. Wells, 103 A.3d 60, 72 (Pa. Super. 2014). The trial court "is entitled to weigh the evidence presented and assess its credibility, and in doing so is free to believe all, part, or none of the evidence." Vargo v. Schwartz, 940 A.2d 459, 467 n.5 (Pa. Super. 2007). As an appellate court, it is not for us to reexamine the trial court's credibility determinations and substitute our judgment for that of the factfinder. See Turney Media Fuel Inc. v. Toll Bros., Inc., 725 A.2d 836, 841 (Pa. Super. 1999).

Here, Verna's brief fails to comply with our Rules of Appellate Procedure as her argument is undeveloped and without citation to any authority. "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." Harris v. Toys "R" Us-Penn, Inc., 880 A.2d 1270, 1279 (Pa. Super. 2005); see also Pa.R.A.P. 2119(a).

However, assuming Verna did not waive this issue, it is otherwise without merit. We remanded this case for the trial court to "reevaluate [the]

_____

[2] Black's Law Dictionary (8th Ed. 2004) defines "owelty" as "[e]quality as achieved by a compensatory sum of money given after an exchange of parcels of land having different values or after an unequal partition of real property." Here, the trial court ordered Verna to pay Frank owelty of $36,685.68. See Trial Court Order, 12/11/17, at 10.

- 3 -

partition of the 10.515 acres based upon an updated appraisal that considers the potential gas rights for all 10.515 acres. . . ." Molek v. Molek, 1044 WDA 2014, at 11 (Pa. Super., filed November 20, 2015). Upon our review of the certified record, there was no new evidence of a formal appraisal of the oil and gas rights. That is why the trial court did not assign a value to the rights. See Trial Court Opinion, 08/03/18, at 15. If the valuation of these rights were integral to calculating the owelty as Verna suggests, then it was her burden to obtain such appraisal.[3] For that reason, the trial court resolved credibility against Verna for failing to meet her burden. See Haan, 103 A.3d at 72. As such, we find Verna's woefully undeveloped argument lacks merit.

Next, Verna asserts the trial court erred in failing to consider her desire to use the property to keep small animals and plant fruit trees when partitioning the property. We disagree.

Once again, Verna fails to cite any authority in support of her argument. See Pa.R.A.P. 2119(a). Accordingly, we conclude her second issue on appeal is waived.

Nonetheless, we find this claim, like the previous one, to be meritless. In its Rule 1925(a) opinion, the trial court stated the following:

_____

[3] Frank objected to Verna's proposal to split the cost of an appraisal. In her appellate brief, Verna notes that she "pointed out to the [trial] court that the rules for partition permit the court to appoint independent appraisers." Appellant's Brief, at 18. However, she does not cite to authority supporting this proposition, and consequently makes no argument that the trial court erred in not appointing independent appraisers.

In her proposed findings of fact, [Verna] submitted that she [wanted to maintain the property as a farm in order] 'to keep small animals, such as ducks, [and] plant fruit trees.' The trial court conceded to all of [Verna's] demands, short of dividing the acreage equally between the parties. Although [Verna] has always demanded an equal share of the acreage throughout this litigation, at no time did [she] submit evidence that an additional 3.5 acres was necessary to facilitate her claimed desire to keep small animals, ducks, and to plant fruit trees.

Trial Court Opinion, 08/03/18, at 16-17. Here, we agree with the trial court's findings that Verna presented no evidence that she needed additional acres of land to keep small animals and plant fruit trees. Therefore, even if this issue were not waived, Verna would not be entitled to relief, as her argument is meritless.

In her final issue on appeal, Verna argues the trial court erred in failing to provide her with a reasonable time to pay owelty to Frank. She contends she was unaware of the costs associated with partition and the subsequent owelty. Therefore, she concludes the imposition of a 30-day deadline for payment was an abuse of discretion. See Appellant's brief, at 27-28. We disagree.

Pennsylvania Rule of Civil Procedure 1562 states that, "[s]ums payable as owelty shall be secured and paid in such manner as the court shall direct."

Here, Verna failed to raise this issue with the trial court. Therefore, the issue is waived as it cannot be raised for the first time on appeal.[4] See Pa.R.A.P. 302(a).

In any event, this claim, like the others, is meritless. Pursuant to Rule 1562, the trial court had the authority to direct Verna to pay the owelty within 30-days of its order. Further, Verna was fully aware of the costs associated with the partition as the record shows her counsel raised the issue with the trial court. See N.T., Hearing, 02/19/16, at 12-13. If there were any concerns related to her ability to pay the owelty, then it was her counsel's obligation to raise such matter at a hearing or in a post-trial motion. Accordingly, the records reveals neither action was taken here. Therefore, this claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2019

_____

[4] In her brief, Verna argues that "an order directing partition is not subject to exceptions . . . [and] may be taken as a matter of right." Appellant's brief, at 28. To support her argument, she cites Pa.R.A.P. 311(a)(7). This Rule of Appellate Procedure concerns interlocutory appeals from an order to partition parcels of land. However, the order that Verna is appealing is a final order, and therefore this particular Rule of Appellate Procedure does not apply here.